# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

STUDENTS FOR JUSTICE IN PALESTINE
AT THE UNIVERSITY OF FLORIDA,

   *Plaintiff*,

v.

RAYMOND RODRIGUES, et al.,

   *Defendants*.

Case No.
1:23-cv-275-MW-MJF

## JOINT PROPOSED BRIEFING SCHEDULE

As required by this Court's November 16 Order Setting Conference Schedule (ECF No. 4), the Parties met and conferred via telephone and email on Tuesday, November 21, and Wednesday, November 22, concerning the issues raised in the Court's Order. Plaintiff submits this filing with Defendants' consent to represent the views of all Parties.

In those conferences, counsel for the Parties sought and made certain representations.

First, counsel for Plaintiff sought assurance that the Deactivation Order would not be implemented pending adjudication of Plaintiff's Motion for a Preliminary Injunction.

1

Second, counsel for Defendant Governor Ron DeSantis indicated his view that Governor DeSantis is not a proper party to this litigation.

Third, counsel for the Gainesville Defendants (Benjamin Sasse, in his official capacity as University of Florida President, and the Defendant members of the University of Florida Board of Trustees) represented their view that the Gainesville Defendants are "secondary defendants" and do not intend to file briefing taking a position on Plaintiff's Motion for a Preliminary Injunction. Plaintiff agrees to a 60-day extension for the Gainesville Defendants to file their Answer to the Complaint.

Fourth, counsel for Defendant Chancellor Ray Rodrigues and the Defendant members of the Florida Board of Governors of the State University System indicated their view that:

> the Chancellor's memorandum alone has no independent legal effect. In order to enforce the deactivation directive in the memorandum, additional action by the Board of Governors is required, which would necessarily be taken at a meeting subject to the public notice and meeting requirements of Florida Law.
>
> The Board does not have imminent plans to call such a meeting and can confirm that the Board will not call such a meeting to enforce the deactivation directive during the adjudication of the preliminary injunction, absent an urgent and compelling threat to the safety and welfare of UF students. However, if such a meeting is deemed necessary, we will provide Plaintiffs and the Court with advance notice while complying with the public notice requirements of Florida Law.

Fifth, at least some Defendants indicated that they planned to file motions to dismiss Plaintiff's complaint.

Based on these representations, and in advance of the Court's scheduled November 27 telephonic scheduling conference, the Parties jointly propose as follows:

1. Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction and Defendants' Motions to Dismiss would be due on or before December 22, 2023.

2. Plaintiff's Reply in Support of its Motion for Preliminary Injunction and Opposition to Defendants' Motions to Dismiss would be due on or before January 17, 2024.

3. Defendants' Reply in Support of their Motions to Dismiss would be due on or before January 26, 2024.

4. Thereafter, at the Court's convenience, the Court would hold a hearing on both Plaintiff's Motion for a Preliminary Injunction and Defendants' Motions to Dismiss.

5. At present, Plaintiff does not anticipate the need for live testimony of witnesses at the hearing, as long as the exhibits—including the declarations—attached to the Complaint and Motion for a Preliminary Injunction are admitted. The Board of Governors Defendants do not

currently agree to this as they are in the process of securing outside counsel and would prefer to defer those determinations until a later time.

6. The Parties are prepared to address these or any other issues raised by the Court in the November 27 telephonic scheduling conference.

Dated: November 24, 2023                     Respectfully submitted,

/s/ Daniel B. Tilley
Daniel B. Tilley (FBN 102882)                Hina Shamsi*
Jerry C. Edwards (FBN 1003437)               Brian Hauss*
AMERICAN CIVIL LIBERTIES                     Brett Max Kaufman*
   UNION FOUNDATION OF FLORIDA           Shaiba Rather*
4343 West Flagler Street, Suite 400          AMERICAN CIVIL LIBERTIES
Miami, FL 33134                                 UNION FOUNDATION
Tel.: (786) 363-2714                         125 Broad Street
dtilley@aclufl.org                           New York, NY 10004
jedwards@aclufl.org                          Tel.: (212) 549-2500
                                             hshamsi@aclu.org
Aamra Ahmad*                                 bhauss@aclu.org
Tyler Takemoto*                              bkaufman@aclu.org
AMERICAN CIVIL LIBERTIES                     srather@aclu.org
   UNION FOUNDATION
915 15th Street NW                           Radhika Sainath*
Washington, DC 20005                         PALESTINE LEGAL
Tel.: (202) 457-0800                         55 Exchange Pl.
aahmad@aclu.org                              New York, NY 10005
ttakemoto@aclu.org                           Tel.: (312) 212-0448
                                             radhika@palestinelegal.org

*Admitted pro hac vice*                      *Counsel for Plaintiff*