IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

STUDENTS FOR JUSTICE IN PALESTINE
AT THE UNIVERSITY OF FLORIDA,

   *Plaintiff*,

v.                                                   Case No. 1:23cv275-MW/MJF

RAYMOND RODRIGUES, *et al.*,

   *Defendants*.

_____/

**THE BOARD OF GOVERNORS AND CHANCELLOR RODRIGUES'
MOTION TO DISMISS AND
<u>INCORPORATED MEMORANDUM OF LAW</u>**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendants, Chancellor Raymond Rodrigues and the members of the Board of Governors of the State University System of Florida (collectively, the "Board of Governors Defendants"), respectfully move to dismiss Plaintiff's Complaint (ECF No. 1).

**I.  Plaintiff Lacks Standing and Plaintiff's Claims are Not Ripe.**

Plaintiff lacks standing to sue the Board of Governors Defendants and presents a claim that is not ripe for adjudication. For the reasons articulated in Part I of the Board of Governors Response to Plaintiff's Motion for Preliminary Injunction, ECF

1

No. 36, precedent and prudence dictate dismissal.[1] The Board of Governors Defendants respectfully incorporates the standing and ripeness arguments set forth in ECF No. 36 by reference and seek dismissal on those grounds.

**II.   Chancellor Rodrigues is an Improper Defendant.**

Plaintiff's suit against Chancellor Rodrigues in his official capacity is redundant of its suit against the members of the Board of Governors in their official capacities. Both are suits against the Board of Governors, and Chancellor Rodrigues should be therefore dismissed as a defendant from this lawsuit.

"[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1115 (11th Cir. 2005) (quoiting *Kentucky v. Graham,* 473 U.S. 159, 165–66 (1985); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) ("Suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent."). In suing Chancellor Rodrigues

---

[1] These threshold legal failures are evident from the face of Plaintiff's Complaint. For example, the University of Florida, not the Board of Governors, is the entity with authority to deactivate the UF SJP chapter. *See* ECF No. 1 ¶¶ 22, 30, 78. Plaintiff also acknowledges that the University has regulations setting forth the due process the University would afford to any student group facing potential deactivation, and that such procedures have not been initiated by the University. ECF No. 1 ¶¶ 28–30, 32.

in his official capacity, Plaintiffs are effectively suing the Board of Governors, which they have already accomplished by suing the Board of Governors members in their official capacities. *See Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1091, 1115 (11th Cir. 2005) ("Thus, official capacity suits against a deputy sheriff are simply another way of alleging claims against the Sheriff in his official capacity, which in turn is effectively a suit against the governmental entity the sheriff represents."); *accord Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) ("To keep both the City and the officers sued in their official capacity as defendants in this case would have been redundant . . . ."); *C.P. by & through Perez v. Collier Cnty.*, 145 F. Supp. 3d 1085, 1091 (M.D. Fla. 2015) (dismissing "official capacity claims against [two Deputy Sheriffs] [as] duplicative and redundant of the claims against the sheriff in his official capacity"). Chancellor Rodrigues should be dismissed as a defendant.

### III. Plaintiff's Complaint Fails to Articulate the First Amendment Theory on which its Claims are Based.

Plaintiff invokes numerous First Amendment theories in its Complaint but brings only a single count. Plaintiff relies on *Healy v. James*, 408 U.S. 169 (1972), and the freedom to associate, but also appear to attempt to plead a claim founded on freedom of speech and viewpoint discrimination, *see* ECF No. 1, ¶¶ 10, 81, 83, 86, 87, 88. Plaintiff also alleges facts alluding to a compelled speech claim. *Id.* ¶¶ 76–77.

Plaintiff's patchwork of First Amendment theories, combined under a single count, constitutes and impermissible shotgun. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015) ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief."); *Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1331 n.22 (11th Cir. 2004) (finding the complaint was a shotgun pleading where "some counts appear to state more than one cause of action."). The Eleventh Circuit has "little tolerance" for shotgun pleadings, and vocally condemns them. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (condemning shotgun pleadings as "flatly forbidden" by the Federal Rules of Civil Procedure because they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the court") (citation omitted); *Hirsch v. Ensurety Ventures, LLC*, 805 F. App'x 987, 991 (11th Cir. 2020) (district courts "*must* intervene . . . and order a repleading of a shotgun complaint, even if the defendant does not move for a more definite statement.") (marks and citations omitted).

Defendants are entitled to know the claim—or claims—asserted against them, so that they can adequately prepare a defense, engage in appropriate discovery, and avoid surprise later in the litigation. Moreover, all parties and the Court benefit from a clear and precisely pleaded complaint. *Anderson v. Dist. Bd. of Trs. of Cent. Fla.*

*Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."). These interests are particularly compelling in First Amendment cases. *Cf. Cunningham v. Fulton Cnty.*, No. 1:17-CV-05512-RWS, 2019 WL 162396, at *4 (N.D. Ga. Jan. 10, 2019) ("The free speech analytical framework is complicated, with multiple layers of elements depending on the type of claim asserted."); *Cousins v. Sch. Bd. of Orange Cnty., Fla.*, 636 F. Supp. 3d 1360, 1373 (M.D. Fla. 2022) ("Count I alleges that the entire amendment violates the First Amendment because it impermissibly chills speech, is viewpoint based discrimination, violates a student's right to receive information, and is overbroad. Not only does Count I fail to specify what provision or provisions of the law Plaintiffs are challenging under each First Amendment theory, it also inappropriately sets forth a number of different First Amendment causes of action in a single count.").

Ordinarily, the remedy for a shotgun pleading is to strike the complaint or require a more definite statement and allow repleading. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("We have explained that in a case in which a party, plaintiff, or defendant, files a shotgun pleading, the district court 'should strike the pleading' and instruct counsel to replead the case."); *cf. Anderson*

5

*v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) ("Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading."). However, repleading in this case would be futile given the lack of standing and ripeness.

## IV. Conclusion

For the reasons stated above, the Board of Governor Defendants request that this Court dismiss Plaintiff's complaint against Chancellor Rodrigues as redundant and dismiss the claim against all Board of Governors Defendants for lack of standing and ripeness. If this Court determines that Plaintiff does have standing and its claims are ripe, the Board of Governors requests that the Court strike the complaint and require repleading.

### CERTIFICATE OF COMPLIANCE

The undersigned certifies that the foregoing motion contains 1,298 words and therefore complies with the word limitation requirements in Local Rule 7.1(F).

Dated December 22, 2023.

/s/ *James T. Moore, Jr.*
Andy Bardos (FBN 822671)
Ashley H. Lukis (FBN 106391)
James T. Moore, Jr. (FBN 70023)
GRAYROBINSON, P.A.
P.O. Box 11189
Tallahassee, Florida 32302-3189
Telephone: 850-577-9090
andy.bardos@gray-robinson.com
ashley.lukis@gray-robinson.com
tim.moore@gray-robinson.com
*Attorneys for Defendants, Florida Board of Governors of the State University System and Chancellor Rodrigues*

### CERTIFICATE OF SERVICE

I certify that, on December 22, 2023, this notice was filed through the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *James T. Moore, Jr.*
James T. Moore, Jr. (FBN 70023)
GRAYROBINSON, P.A.