IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**STUDENTS FOR JUSTICE IN PALESTINE
AT THE UNIVERSITY OF FLORIDA,**

   *Plaintiff*,

v.                                               Case No.: 1:23cv275-MW/MJF

**RAYMOND RODRIGUES, et al.,**

   *Defendants*.
_____/

## ORDER GRANTING MOTION TO DISMISS

On January 26, 2024, this Court heard Defendant DeSantis's motion to dismiss. ECF No. 38. Defendant moves to dismiss Plaintiff's claim against him for, among other things, failure to allege sufficient facts to establish standing at the pleading stage. As it must, this Court first addresses this threshold jurisdictional issue.

Ordinarily, a motion to dismiss for lack of subject matter jurisdiction "can be asserted on either facial or factual grounds." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (citation omitted). Under a facial attack, Plaintiff retains "safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised." *McElmurray v. Cons. Gov. of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). That is, this Court

must consider the complaint's allegations as true and "merely . . . look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction . . . ." *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). Here, Defendant does not identify whether his motion raises a facial or factual challenge to Plaintiff's standing to proceed against him—but, as the parties agreed on the record at the hearing, the material facts are largely undisputed with respect to Plaintiff's standing. Nonetheless, in an abundance of caution, this Court construes Defendant DeSantis's motion as raising a facial challenge to Plaintiff's alleged standing. In so doing, this Court considers whether Plaintiff's complaint (and all attachments thereto) "clearly alleges facts demonstrating each element [of standing]." *Glynn Env. Coalition, Inc. v. Sea Island Acquisition, LLC*, 26 F.4th 1235, 1241 (11th Cir. 2022) (internal quotation marks omitted).

To establish standing, Plaintiffs must show (1) that they have suffered an injury-in-fact that is (2) traceable to Defendants and that (3) can likely be redressed by a favorable ruling. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Here, Plaintiff alleges that the Chancellor's memorandum (issued "in consultation with" Defendant DeSantis) has had a chilling effect on the Plaintiff's members and prospective members and that it imposes a threat of deactivation that constitutes a separate injury. Plaintiff asks this Court to "[i]ssue preliminary and

permanent injunctive relief restraining" the Governor "from enforcing the Deactivation Order." ECF No. 1 at 24. Setting aside Plaintiff's conclusory allegations concerning chilled speech, Plaintiff's factual allegations fail to demonstrate that an injunction against the Governor would redress Plaintiff's asserted injuries when the Governor has no authority to "enforce" the Chancellor's memorandum, discipline student organizations, or retract the Chancellor's memorandum.[1] Accordingly, Defendant's motion, ECF No. 38, is **GRANTED**. Plaintiff's claim against Defendant DeSantis is **DISMISSED without prejudice for lack of jurisdiction.**

SO ORDERED on January 31, 2024.

s/Mark E. Walker           
**Chief United States District Judge**

---

[1] To be sure, *Speech First, Inc. v. Cartwright*, 32 F.4th 1110 (11th Cir. 2022) does not demand a different answer. In *Speech First*, the Eleventh Circuit held that the absence of the formal power to punish was not determinative of whether the plaintiff in that case had suffered an imminent injury, rather than a conjectural or hypothetical injury. *Id*. at 1119. Indeed, the Eleventh Circuit noted that the question of redressability was not at issue in that case. *Id*.