### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

**STUDENTS FOR JUSTICE IN PALESTINE
AT THE UNIVERSITY OF FLORIDA,**

    *Plaintiff*,

v.                             **Case No.: 1:23cv275-MW/MJF**

**RAYMOND RODRIGUES, et al.,**

    *Defendants*.

_____/

### ORDER GRANTING MOTION TO DISMISS AND DISMISSING COMPLAINT AGAINST ALL REMAINING DEFENDANTS

On January 26, 2024, this Court heard the Board of Governors members' and Chancellor's motion to dismiss. ECF No. 37. Defendant moves to dismiss Plaintiff's claim against them for, among other things, failure to allege sufficient facts to establish standing at the pleading stage. As it must, this Court first addresses this threshold jurisdictional issue.

Ordinarily, a motion to dismiss for lack of subject matter jurisdiction "can be asserted on either facial or factual grounds." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (citation omitted). " 'Facial attacks' on the complaint 'require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his

complaint are taken as true for the purposes of the motion.' " *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). " 'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.' " *Id.*

"These two forms of attack differ substantially." *Id.* "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true." *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)). But when an attack is factual, this Court has "substantial authority . . . to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (quoting *Williamson*, 645 F.2d at 412–13). "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude [this Court] from evaluating for itself the merits of jurisdictional claims." *Id.*

Here, Defendants do not identify whether their motion raises a facial or factual challenge to Plaintiff's standing to proceed against them. But, as the parties agreed on the record at the hearing, the material facts are largely undisputed with respect to Plaintiff's standing. Moreover, the parties' arguments concerning Plaintiff's standing have centered on matters outside of the pleadings and the record that Plaintiff has developed in an attempt to support its standing arguments. To the extent Defendants

raise a factual attack on Plaintiff's standing, this Court incorporates by reference its analysis from its order denying Plaintiff's motion for preliminary injunction as to the deficiencies in the record with respect to Plaintiff's standing. *See* ECF No. 79 at 6–19.

In an abundance of caution, however, this Court also considers Defendants' motion as raising a facial challenge to Plaintiff's alleged standing. In so doing, this Court considers whether Plaintiff's complaint (and all attachments thereto) "clearly alleges facts demonstrating each element [of standing]." *Glynn Env. Coalition, Inc. v. Sea Island Acquisition, LLC*, 26 F.4th 1235, 1241 (11th Cir. 2022) (internal quotation marks omitted).

To establish standing, Plaintiff must show (1) that it has suffered an injury-in-fact that is (2) traceable to Defendants and that (3) can likely be redressed by a favorable ruling. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Here, Plaintiff alleges that the Chancellor's memorandum (issued "in consultation with" Defendant DeSantis) threatens to deactivate its organization, chills its current members, and deters prospective members from associating with Plaintiff. ECF No. 1 ¶¶ 73–74. Plaintiff asks this Court to "[i]ssue preliminary and permanent injunctive relief restraining" Defendants "from enforcing the Deactivation Order." *Id*. at 24.

Beginning with the injury-in-fact requirement, Plaintiff's factual allegations and all reasonable inferences drawn therefrom in Plaintiff's favor fail to demonstrate

a cognizable injury-in-fact. Plaintiff argues that it has sufficiently alleged that (1) its members and prospective members have had their speech and association chilled, and (2) that the threat of deactivation itself harms Plaintiff. This Court will address the deficiencies with each asserted injury, beginning with chilled speech and association.

To start, Plaintiff does not allege that any current members have self-censored. At most, Plaintiff alleges that its members subjectively fear deactivation or criminal investigation in the future, but Plaintiff provides no facts that permit a reasonable inference that Plaintiff's members have changed their speech or association based on these fears—or, as discussed in more detail below—that the deactivation or criminal investigation they fear is imminent.

At most, Plaintiff alleges that prospective members are "deterred" from associating with Plaintiff. ECF No. 1 ¶ 74. But, again, Plaintiff grounds this chilled association upon prospective members' fear that they will be "punished or investigated by the University or law enforcement because of their participation in our group." ECF No. 1-4 ¶ 43. However, Plaintiff has alleged no facts that permit a reasonable inference that the University intends to punish any students for associating with Plaintiff or that law enforcement intends to investigate them for criminal charges. And this Court cannot reasonably infer that Plaintiff's prospective

members are objectively chilled from associating with Plaintiff absent additional factual allegations that permit such an inference.

Plaintiff's conclusory allegations of chill do not suffice. Moreover, Plaintiff's factual allegations contradict the inference that Plaintiff asks this Court to draw. Specifically, Plaintiff alleges that "since October 7, we have gained 663 followers on Instagram . . . ." and that Plaintiff's "Instagram posts now reach 9,000 accounts." *Id*. ¶ 17. More importantly, Plaintiff alleges that although previous events "typically drew 10 attendees, one recent event attracted an overflowing crowd at a large lecture hall on campus." *Id*.

Setting aside conclusory allegations of "chilled speech," Plaintiff's complaint is devoid of any other factual allegations from which this Court could reasonably infer that Plaintiff's members or prospective members are *reasonably* chilled from speaking or associating with Plaintiff, or that they continue to speak or associate but face a credible threat of prosecution for doing so. As discussed below, Plaintiff has not plausibly alleged that deactivation is imminent. Nor has Plaintiff alleged any facts giving rise to a reasonable inference that Plaintiff or its members face any imminent criminal investigation. Instead, Plaintiff's complaint and attachments thereto plausibly allege that the organization has repeatedly engaged in activism on campus and online since October 7, 2023, but now, they fear that continuing to do so will subject them to some sort of punishment or investigation. But Plaintiff has

not provided any facts from which this Court could infer that the University intends to punish them for their activism or that law enforcement intends to investigate them for some hypothetical criminal charge. As for the Governor, he has been dismissed from this action by separate order and poses no imminent threat of punishing or investigating individual students at the University of Florida. And Plaintiff has not alleged any facts to suggest that the Board of Governors or the Chancellor have disciplinary authority over individual students. In short, Plaintiff's complaint fails to plausibly demonstrate a cognizable injury based on chilled speech or association.

As to the threat of deactivation, Plaintiff's factual allegations do not permit a reasonable inference that this asserted injury is imminent. For starters, Plaintiff's allegations make plain that it has not yet been deactivated. Plaintiff's complaint describes the Chancellor's memorandum which arguably ordered Plaintiff's university president to deactivate their organization in addition to public comments that the Chancellor made on November 9, 2023, describing other actions the University will take in lieu of deactivation. ECF No. 1 ¶¶ 62–71, 76; *id.* at 20 (exhibit of Chancellor's memorandum attached to complaint). But Plaintiff has alleged no facts to support the inference that the Board of Trustees, who is legally responsible for regulating registered student organizations, has taken any action in furtherance of the memorandum's alleged "deactivation order." Indeed, Plaintiff's allegation that the Chancellor announced other actions—that is, actions other than

6

"deactivation"—that the University contemplated for Plaintiff contradicts the inference that the University intended to deactivate them after November 9, 2023. Thus, notwithstanding the fact that no one has expressly said that they will not deactivate Plaintiff, the facts as alleged do not permit a reasonable inference that anyone with the power to do so intends to deactivate Plaintiff going forward. On this point, the University Defendant's silence cuts both ways. While they have not expressly disavowed the Chancellor's memorandum, the University Defendants have also not defended it or any action that they may have taken in furtherance of it. But, of course, Plaintiff has not alleged any facts demonstrating that the University Defendants have taken any action in furtherance of the "deactivation order." Accordingly, Defendant's motion, ECF No. 37, is **GRANTED**. Plaintiff's claim against the members of the Board of Governors and the Chancellor is **DISMISSED without prejudice for lack of jurisdiction.**

Finally, although the members of the Board of Trustees and President Sasse have not moved to dismiss Plaintiff's complaint, this Court has an independent obligation to determine whether it has jurisdiction at each stage in the proceeding as to each Defendant. For the same reasons set out above, this Court concludes that Plaintiff lacks standing to proceed against the University Defendants. Accordingly, Plaintiff's claim is also **DISMISSED without prejudice for lack of jurisdiction.**

Going forward, Plaintiff has three options. Plaintiff may file an amended complaint in the event Plaintiff is able to allege additional facts that establish standing. Plaintiff may appeal this Order after this Court enters judgment. Or Plaintiff may notify this Court that it does not intend to appeal or amend and may file a new case at a later date if it so chooses. **On or before Thursday, February 15, 2024**, Plaintiff must either file an amended complaint or, if Plaintiff does not intend to amend its complaint, Plaintiff must file a notice with this Court indicating how it intends to proceed.

**SO ORDERED on February 1, 2024.**

**s/Mark E. Walker_____**
**Chief United States District Judge**